## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JENNIFER EISENBARTH, ) | Court File No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| FWM LABORATORIES, INC., ) | (Jury Trial Demanded) |
| BROMACLEANSE, CENTRAL ) | |
| COAST NUTRACEUTICALS, INC. ) | |
| A/K/A CCN INC., TRICLEANSE, AND ) | |
| DENNIS HEFTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff Jennifer Eisenbarth ("Eisenbarth") for her Complaint against Defendants FWM Laboratories, Inc. ("FWM"); Tricleanse ("Tricleanse"); Central Coast Nutraceuticals, Inc. a/k/a CCN Inc. ("CCN"); Bromacleanse; and Dennis Hefter ("Hefter"), alleges as follows:

### PRELIMINARY STATEMENT

1.     Mrs. Eisenbarth is a former plus-size model who appeared as a contestant on the popular NBC television show "The Biggest Loser."  As a result of her dedication to her own dieting and exercise program, Eisenbarth, subsequent to her participation in "The Biggest Loser," lost over 100 pounds after first appearing on the show.

2.     Mrs. Eisenbarth is the holder of her publicity rights.

Dockets.Justia.com

3.     Defendants are the sellers, suppliers, importers, distributors, and/or marketers of products that purport to be dietary supplements, such as for "acai berry," colon cleansing, and/or other purported weight-loss products (together, the "Infringing Products").  These Infringing Products include, but are not limited to:  Acai X3, TriCleanse, Elite Acai Blast, Acai Alive, AcaiPure, Acai Berry Detox, and Bromacleanse.

4.     These Defendants are wrongfully capitalizing on Plaintiff's reputation and intellectual property rights to lure consumers into ordering their Infringing Products on the false premise that they have been utilized or recommended by Mrs. Eisenbarth when she has not.

5.     Defendants are fabricating quotes or falsely purporting to speak in Mrs. Eisenbarth's voice about specific brands and products that she has not used or endorsed. Defendants' conduct has gravely injured Plaintiff's reputation.  Plaintiff seeks to stop the unauthorized and unlawful use of Mrs. Eisenbarth's name, images, and identities in connection with Defendants' marketing and sales of, or offers to sell, the Infringing Products.  Such activities constitute a pattern of improper infringing activity that damages Mrs. Eisenbarth, unjustly enriches Defendants, and confuses and deceives the consuming public.

6.     Defendants are publicly associated with allegations that they have engaged in scams or schemes by which Defendants, for instance, (a) charge customers despite advertising that the Infringing Products are available for a "free trial;" (b) fail to fulfill

orders despite charging consumers; or (c) charge consumers for monthly subscriptions of Infringing Products without the consumers having signed up for any such subscription.

7.     Defendants' conduct also has been associated in the public with alleged serious public health and safety concerns because many, if not all, of the Defendants are said to be illegally marketing the Infringing Products, which are not approved as drugs, as a means to cure, mitigate, treat or prevent diseases, illnesses, or serious conditions, such as obesity and the regulation of mood, blood pressure, and cholesterol levels.  Defendants falsely attribute similar marketing claims to have been endorsed by Mrs. Eisenbarth.

8.     Plaintiff seeks injunctive relief, damages, including exemplary and punitive damages, and attorney's fees under various causes of action including: violation of her common law rights of privacy and publicity, defamation, misappropriation, false sponsorship or affiliation under Section 43(a) of the Lanham Act, 15 U.S.C. §§1116-1118 and 1125(a), deceptive acts and practices under Minnesota Statutes § 325D.44, false advertising under Minnesota Statutes § 325D.09 *et seq.*, common law unfair competition, and unjust enrichment.

## THE PARTIES

9.     Plaintiff Jennifer Eisenbarth is citizen and resident of Shakopee, Minnesota.

10.     Defendant FWM Laboratories, Inc. ("FWM") is located at 4961 Leeward Lane, Fort Lauderdale, Florida 33312, or at 3007 Greene Street, Hollywood, Florida 33020, or at 2040 NE 163 Street, #305, North Miami Beach, Florida 33162.

11.    FWM is a supplier, distributor, marketer, or importer of certain of the

Infringing Products at issue including, but not limited to, ACAI X3 and Acai Berry

Detox, which are the subject of numerous consumer complaints, and a multitude of

consumers have complained of credit card fraud and other deceptive practices by FWM

in connection with its sale of these Infringing Products, and of its deceptive practices.

12.    FWM is doing and transacting business within the State of Minnesota and this

judicial district by, marketing, selling and/or offering for sale the Infringing Products via its

interactive websites and its affiliate marketers.  At least one infringing advertisement is

located at the website http://www.tammy-weight-loss.com/2/index.php?sub=ABLDB01.

13.    FWM's deceptive advertising for these Infringing Products, by using Mrs.

Eisenbarth's image and purporting to tell her life story, is violating Plaintiff's rights.

14.    Defendant Central Coast Nutraceuticals Inc. a/k/a CCN Inc. ("CCN") is

located at 2375 East Camelback Road, 5th Floor, Phoenix, Arizona 85001.  Defendant

CCN is a supplier, distributor, marketer, or importer of certain of the Infringing Products

at issue including, but not limited to, AcaiPure, which is the subject of numerous

consumer complaints, and a multitude of consumers have complained of credit card fraud

and other deceptive practices by CCN in connection with its sale of these Infringing

Products, and of its deceptive practices.

15.    Defendant CCN is doing and transacting business within the State of

Minnesota and this judicial district by marketing, selling and/or offering for sale the

Infringing Products via its interactive websites and affiliate marketers.  At least one

4

infringing advertisement was located at the website

http://www.myfreetrialsblog.com/acaipure.

16.     Defendant Tricleanse (collectively, "Tricleanse") is located at 6899

Winchester Circle, Suite 103, Boulder, Colorado 80301.  Tricleanse is a supplier,

distributor, marketer, or importer of certain of the Infringing Products at issue, including

Tricleanse.  Tricleanse is doing and transacting business within the State of Minnesota

and this judicial district by marketing, selling and/or offering for sale the Infringing

Products via its interactive websites and affiliate marketers.  At least one infringing

advertisement is located at the website http://www.tammy-weight-

loss.com/2/index.php?sub=ABLDB01.

17.     Defendant Dennis Hefter is an individual with an address at 6899 Winchester

Circle, Suite 103, Boulder, Colorado 80301.  Mr. Hefter is the registrant of the

tricleanse.com domain name utilized by Tricleanse.  Defendant Hefter, at least based on his

ownership of the domain name tricleanse.com, is doing and transacting business within the

State of Minnesota and this judicial district by marketing, selling and/or offering for sale the

Infringing Products via its interactive websites and affiliate marketers.  At least one

infringing advertisement is located at the website http://www.tammy-weight-

loss.com/2/index.php?sub=ABLDB01.

18.     Defendant Bromacleanse, is a business entity located in Riverton, UT

84065.  Defendant Bromacleanse is a supplier, distributor, marketer, or importer of

certain of the Infringing Products at issue, including Bromacleanse.  Defendant

Bromacleanse is doing and transacting business within the State of Minnesota and this

judicial district by marketing, selling and/or offering for sale the Infringing Products via its interactive websites and affiliate marketers.  At least one infringing advertisement was located at the website http://www.jennifer-weight-loss.com/index.php?cat=1 in July of 2009, and one currently infringing advertisement is located at the website http://www.weightlosscute.com/stories/19/index.htm.

19.     The Defendants: (a) have identical or similar websites, (b) are using the same language and images, (c) link or redirect visitors to the same websites, (d) are aggregated on single websites, (e) market and/or sell the same Infringing Products manufactured by the same manufacturer, and (f) share profits from sales of the Infringing Products.  As a result, at all times all Defendants were the principals, agents, affiliates, partners, alter-egos, co-conspirators, and/or are acting in concert with each other, and each acted within the course, scope and authority of such relationships.  As a result, all Defendants are jointly and severally liable for the acts alleged in this Complaint.

## JURISDICTION AND VENUE

20.     This is an action for false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq., unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq., common law violations of the rights of privacy and publicity, defamation, misappropriation, and unfair competition.

21.     This Court has jurisdiction of this action under 28 U.S.C. § 1331.

22.     This Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. §

1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between citizens of different states.

23.     This Court also has jurisdiction over the subject matter of this action

pursuant to 15 U.S.C. § 1121, and has supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367 over the claims arising under state law.

24.     This Court has personal jurisdiction over Defendants because Defendants

have engaged in acts within this judicial district causing injury, have engaged in acts

outside of this judicial district causing injury within the district, or has otherwise

established contacts with this judicial district sufficient to permit the exercise of personal

jurisdiction as a result of business and advertising conducted within this judicial district

via sales and advertising over the World Wide Web and Internet.

25.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a

substantial part of the events giving rise to Mrs. Eisenbarth's claims have, and are

occurring, in this judicial district.

## FACTUAL ALLEGATIONS

26.     As a result of the investment of considerable time and effort related to her

weight-loss program, Mrs. Eisenbarth has developed valuable rights in her name, images,

identity, and persona.

27.     Mrs. Eisenbarth has appeared at various speaking events and nationally-televised talk shows espousing healthy ways of losing weight and encouraging others to lose weight.

28.     The public associates Mrs. Eisenbarth's public persona and identity with healthy living and weight-loss.

29.     Mrs. Eisenbarth is very discerning about the products and services with which she will associate with.

30.     After Mrs. Eisenbarth's appearance on the "Biggest Loser" program, Defendants started advertising and selling dietary supplements on various websites by unlawfully and deceptively using Mrs. Eisenbarth's name and images, creating the impression that Mrs. Eisenbarth uses or endorses those products.

31.     Mrs. Eisenbarth has not endorsed any specific dietary supplement, cosmetic, or drug at any time.

## DEFENDANTS' UNAUTHORIZED USE OF PLAINTIFF'S NAME, IMAGES, AND IDENTITY

32.     Defendants are unlawfully using Mrs. Eisenbarth's name, images, identity, and/or persona (together, "Plaintiff's Property") in a number of ways, including, but not limited to, through Internet and advertising methods by using Mrs. Eisenbarth's name and/or image on their websites; by purporting to be Mrs. Eisenbarth; and by claiming

their Infringing Products have been used and/or recommended by Mrs. Eisenbarth.  These methods are explained in further detail below.

33.     Defendants are using Plaintiff's Property without Plaintiff's consent or authorization.

34.     Defendants did not seek nor did Plaintiff provide her consent for use of Plaintiff's Property in connection with the Infringing Products.

## DEFENDANTS' UNAUTHORIZED AND DECEPTIVE USE ON WEBSITES

35.     Defendants are unlawfully using Plaintiff's Property in a number of ways on their websites, such as: (a) prominently displaying Mrs. Eisenbarth's first name as a false "branding" for their websites; (b) copying and distributing Mrs. Eisenbarth's image and identity; and/or (c) prominently displaying images of Mrs. Eisenbarth, that demonstrate her weight loss by including "before" and "after" images of Mrs. Eisenbarth.

36.     In addition, Defendants' websites claim, imply or suggest that Mrs. Eisenbarth specifically endorses, uses, or promotes the Infringing Products, when in fact she does not.

37.     For example, as shown below, on www.jennifer-weight-loss.com, www.tammy-weight-loss.com, and http://www.myfreetrialsblog.com/acaipure, Mrs. Eisenbarth's name and/or image were improperly used to refer consumers to Defendants' products.

 

So that's me on the left, at my heaviest, right before I learned about this miracle system. After using **Acai X3** and **NatraPure**, the pounds started melting away! You can try both these products for free, just like I did, but there's a catch! You have to order before July 11, 2009 to get them for free. So why wait? Get them before you have to pay!

**How I managed to put on the pounds in the first place.**

I was never a tall skinny super model, but I was definitely fit. When I first met my husband I weighed 123lbs, and I felt like I was in the best shape of my life. After Jessica was born, I gained about 13lbs, but I managed to drop the weight especially during her terrible twos because I was chasing after her all over the house!

Soon after I dropped the baby weight I got pregnant again. I gained more weight, but this time wasn't able to drop it all before we decided for a third. After having three children I managed to gain 48 lbs! I love my children, and they have definitely added more meaning to my life, but I also wanted my body slightly back to where it was.

Before my dramatic change, I weighed 171lbs, and did not feel like I was in the right body. I started having really low self-esteem, and stopped going out with friends. This wasn't like me, so I decided I needed to go on a diet. I tried all the "wonder diets" like Atkins, South-Beach, Slim Fast, Nutra-System, but none of then seemed to work. I subscribed to weight loss magazines too, but still got no long term results.

Sure, I'd lose 5-10 pounds here and there but they never stayed off. It was extremely annoying to feel like I was losing weight only to gain it back within a few weeks. The worst part was that I got so depressed I stopped trying and added on more weight! Finally, the heaviest I had ever gotten was to 186lbs and I felt like a complete stranger in my own body.

07/10/2009 2:12 PM

http://www.tammy-weight-loss.com/2/index.php?sub=ABLDB0

 

So that's me on the left, at my heaviest, right before I learned about this miracle system. After using **Elite Acai Blast** and **Bromalite** , the pounds started melting away! You can try both these products for free, just like I did, but there's a catch! You have to order before July 11, 2009 to get them for free. So why wait? Get them before you have to pay!

**How I managed to put on the pounds in the first place.**

I was never a tall skinny super model, but I was definitely fit. When I first met my husband I weighed 123lbs, and I felt like I was in the best shape of my life. After Jessica was born, I gained about 13lbs, but I managed to drop the weight especially during her terrible twos because I was chasing after her all over the house!

**AcaiPure**

## My body cleansing experience.
## How I looked better and felt younger!

### Hi, Dorothy Brown here and this is my story...



I am now in my early 40's and as I am aging, I feel lots of changes in my body. I don't get to do the things I normally do and lately I am also having problems with the way I look. My skin doesn't look good as before and so does my body. I started to gain weight after giving birth to my second child and now, I spend so much time in finding ways to make me look better and hopefully feel younger. I have difficulty in looking for clothes that would hide my imperfections and find ways not to accentuate this side of my maturity. My confidence was getting low. Visible effects of aging were getting obvious. Along with these are irritating advances of the aging process itself. A feeling of not being able to do the things I love because I was not physically capable anymore, I was getting old unhealthy.

### Click here for a Free Trial

### Nothing seemed to work...

I was desperate to get rid of these hindrances to live a more comfortable and happier life. I tried some recommended medicines by my friends and colleagues and also tried products from the internet and I was hoping that these could help me but nothing seemed to work. I was not happy. I thought I had no hope and was just trying to tell myself that I have to accept that this is part of my life as my age adds up but I was not glad with what was happening.

### At last...

One day while searching some products from the internet I saw **AcaiPure's** page and tried to read the contents and testimonials of some

http://www.myfreetrialsblog.com/acaipure[12/04/2009 3:09:17 PM]

38.    In the examples above, Defendants purport to sell products by prominently displaying Mrs. Eisenbarth's image on websites that purport to belong to Mrs. Eisenbarth, such as by including that she "wrote this blog to reach out to those like me" and recommended that others try her method of weight-loss by signing up for the free trials of the product(s).  (Exhibit A).  All of this was done without Plaintiff's consent.

39.    Also attached as Exhibits B are additional examples of websites that are part of the Defendants' unlawful marketing.  These websites sell or promote several

different Infringing Products and prominently display Mrs. Eisenbarth's image and purport to speak from Mrs. Eisenbarth's persona.  For example, these websites make such misleading statements as, "I wrote this blog to reach out to those who were like me." These websites go on to make specific false claims, such as that "[w]ith my free trial [of the products], I lost 31 lbs!" and that "I decided to actually buy the products and am still using them today."

40.     The websites also make specific health claims that are false, and which were never made by Mrs. Eisenbarth in any forum, such as: "[m]y method of combining both products worked so well for me, I know it will work for you!"

41.     Defendants are alter egos of each other and/or are acting in concert with each other in connection with the unlawful marketing of the Infringing Products as alleged herein.

## DEFENDANTS' WRONGFUL SCHEMES DIRECTED TO THE PUBLIC

42.     Defendants' conduct harms the public, in addition to the harm suffered by Mrs. Eisenbarth.

43.     Defendants' conduct has also been associated in the public with credit card scams.  For example, consumers are promised a free trial, or told they will only incur certain limited charges, but Defendants then charge additional amounts to consumers, without their authorization, after obtaining their credit card account information.

44.     Defendants' conduct has also been associated in the public with "negative option marketing," whereby consumers are required to automatically opt out of receiving unknown, recurring shipments and charges.  When consumers attempt to reach company representatives in order to cancel their "free" trials, or to reverse or stop charges that the consumer did not agree to pay, they are unable to do so, and/or Defendants are associated in the pubic record with efforts to continue to charge additional amounts to the credit cards.  In some cases, Defendants are associated with actually charging consumers, but never sending those consumers any products.

45.     Defendants are also engaging in Internet marketing programs, whereby they re-route visitors to various websites in order to increase traffic to and from the websites.

46.     The Defendants' Internet marketing is also done in a way that deliberately obfuscates their identity by failing to properly disclose their contact information, by obscuring their proper names and by changing their names, and by acting in concert in some other manner and/or as alter egos of each other which make them difficult to distinguish.

## **INJURIES DUE TO DEFENDANTS' UNLAWFUL CONDUCT**

47.     Defendants' unlawful marketing falsely suggests that Mrs. Eisenbarth endorsed, sponsored and/or was otherwise affiliated or associated with the Infringing Products and the Defendants' wrongful conduct.  Mrs. Eisenbarth has never endorsed,

sponsored or otherwise been affiliated or associated with the Infringing Products or the Defendants' conduct.

48.     Defendants' actions  have caused, likely caused, and (if not stopped) are likely to continue to cause confusion and mislead the public, which has been and is being led to believe that Mrs. Eisenbarth endorses, sponsors and/or is otherwise affiliated or associated with the Infringing Products and Defendants' conduct, when, in fact, she is not.

49.     Organizations, such as the Better Business Bureau and www.complaintsboard.com, have received multitudes of similar complaints related to Defendants' products and marketing, evidencing damage to Mrs. Eisenbarth's reputation due to Defendants' conduct.

50.     Defendants' conduct is especially damaging to Mrs. Eisenbarth's reputation, as she is a former plus-size model who lost weight based on her own hard work, discipline, exercise, and dieting, without resorting to products such as those advertised by Defendants.

51.     The harm to consumers is both significant and widespread.  Multitudes of consumers have made complaints of Defendants' unlawful credit card charges and the effects they have had on the consumers' financial health and credit scores, in addition to other injuries.  These complaints have been made, *inter alia,* to consumer organizations such as the Better Business Bureau, www.complaintsboard.com and to law enforcement bodies.

52.     Upon information and belief, Defendants' unauthorized health claims also pose significant risk to public health and safety, as Mrs. Eisenbarth's weight-loss regimen was conducted under the professional guidance of a physician, while the products advertised on the Defendants' websites have not been evaluated by the Food and Drug Administration.

## FIRST CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN, FALSE ENDORSEMENT AND SPONSORSHIP AND UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT – 15 U.S.C. § 1125(a)

53.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-52 of this Complaint.

54.     The Defendants' use of Plaintiff's name, identity, images, and public persona, without her consent, as described above, and/or causing, inducing or materially contributing to such use, constitutes false designation of origin, and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55.     By disseminating the Defendants' unlawful marketing, Defendants have falsely represented to the public that Plaintiff endorses, sponsors and/or is otherwise affiliated or associated with Defendants' goods, services or other commercial activities, when in fact she does not.

56.     Defendants' acts were designed to entice consumers to purchase the Infringing Products, and their materially false representations were likely to deceive or confuse, and have deceived or confused, the public into believing that Plaintiff endorses, sponsors and/or is otherwise affiliated or associated with Defendants, when in fact, she does not.

57.     Plaintiff has been damaged by Defendants' unauthorized use of her name, public persona, and identity.

58.     Defendants have derived revenue and profits as a result of their conduct, at Plaintiff's expense.

59.     Defendants availed themselves of the advantages of Plaintiff's image, efforts, goodwill and fine reputation with knowledge of Plaintiff's rights, and with the intent to unfairly commercially benefit at Plaintiff's expense.  This is therefore an exceptional case that warrants the award of attorneys fees.

60.     As a consequence of Defendants' deliberate misconduct, Plaintiff is entitled to injunctive relief and to an award against Defendants in the amount of three times Plaintiff's damages, such amount to be determined at trial, destruction of all infringing materials, and Plaintiff's costs and attorneys' fees incurred in connection with this action. The nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiff to the panoply of remedies available under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES – MINN. STAT. 325D.44

61.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-60 of this Complaint.

62.     Defendants have engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44, including at least Minn. Stat. § 325D.44, subdivisions (2), (3), (5) and (13), because their unlawful advertising practices are likely to cause confusion, mistake, or deception as to the source of origin of Defendants' products and services in that customers and potential customers are likely to believe that the products and services

17

provided by Defendants are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some way connected to Mrs. Eisenbarth.

63.     As a direct and proximate result of the acts alleged in the prior paragraph, Mrs. Eisenbarth has suffered and will continue to suffer irreparable harm to her reputation, credibility, and goodwill.

64.     Pursuant to Minn. Stat. § 325D.45, Plaintiff is entitled to recover her costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.09 *et seq.***

65.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-64 of this Complaint.

66.     Defendants have engaged in unlawful trade practices in violation of Minn. Stat. § 325D.13 because their use of Mrs. Eisenbarth's name, image, and public persona is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' products and services in that customers and potential customers are likely to believe that the products and services provided by Defendants are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some way connected to Mrs. Eisenbarth.

67.     As a direct and proximate result of the acts alleged in the prior paragraph, Mrs. Eisenbarth has suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

68.     Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, Plaintiff is entitled to recover her costs, disbursements, and reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**APPROPRIATION OF RIGHT OF PUBLICITY AND RIGHT OF PRIVACY**

69.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-68 of this Complaint.

70.     Defendants' used Mrs. Eisenbarth's identity, including her name, image and/or persona in connection with advertising the Infringing Products throughout the United States, including both within and outside the State of Minnesota, for their own purposes and benefit.

71.     Plaintiff did not consent, in writing or otherwise, to Defendants' use of her identity in connection with the Infringing Products.

72.     Defendants have misappropriated Mrs. Eisenbarth's rights of publicity and privacy under Minnesota common law.

73.     Defendants knowingly and willfully used Mrs. Eisenbarth's name, image, and/or persona for advertising purposes without obtaining her written consent.

74.     Defendants' appropriation of Ms. Eisenbarth's image, name or likeness was for Defendants' commercial advantage or pecuniary gain.

75.     As a direct and proximate result of Defendants' actions, Plaintiff has been actually damaged in an amount to be determined at trial.

76.     Unless enjoined by this Court, Defendants above-described conduct will cause further irreparable injury, for which Plaintiff has no adequate remedy at law, and

the public will continue to be deceived into believing Mrs. Eisenbarth endorses, sponsors, or is the origin of Defendants' infringing products by Defendants' continuing conduct.

### FIFTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION/ UNJUST ENRICHMENT

77.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-76 of this Complaint.

78.     Defendants' conduct, as described previously, constitutes unfair competition in violation of the Plaintiff's rights in Plaintiff's property.

79.     Defendants' use of Plaintiff's Property without Plaintiff's consent, as previously described, conferred a benefit on the Defendants.

80.     Defendants knowingly accepted and received a benefit from the use of Plaintiff's Property in selling and advertising the Infringing Products and collecting "click-through" revenue.

81.     Defendants' acceptance and retention of the benefits relating to their unlawful usage of Ms. Eisenbarth's name, image, likeness, and persona without her consent would be inequitable without requiring Defendants to pay for those benefits.

82.     As a direct and proximate result of the foregoing, Defendants have been, and continue to be, unjustly enriched at Mrs. Eisenbarth's expense by the use of Plaintiff's Property and their misleading and false representations.

83.     Defendants' acts were taken in willful, deliberate and/or intentional disregard of Plaintiff's rights, and therefore in bad faith.

## SIXTH CLAIM FOR RELIEF
## DEFAMATION

84.     Plaintiff repeats and incorporates herein the allegations of paragraphs 1-83 of this Complaint.

85.     Defendants' advertising and website contained false statements attributing Mrs. Eisenbarth's weight-loss to Defendants' products.

86.     Defendants' false statements were communicated and published to third persons via the advertisements available on the Internet.

87.     Defendants' false statements harmed her reputation by falsely attributing her weight-loss to Defendants' products instead of attributing it solely to her weight-loss regimen.

88.     Plaintiff respectfully requests a jury trial for this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A.     Permanently enjoining and restraining Defendants and their officers, directors, agents, servants, employees, affiliates and sub-affiliates, associates, employees, attorneys, successors and assigns, respective partners, and those persons in active concert or participation with Defendants from:

1.     Using Plaintiff's Property to sell or market any product or service in any and all media and forums, or using Plaintiff's name or images in connection with advertisements, sponsorships, displays (including on the

Internet and search engine advertising) or other promotions, to display for

sale, offer for sale, sell, or to distribute any product or service or for any

purposes whatsoever.

2.      Doing any other act likely to cause the public to believe that

Defendants' business or services, in any way, originate from, are associated

or affiliated with or are sponsored by Plaintiff.

B.      Directing that Defendants, at their own expense, to (1) withdraw all

advertising and promotions in any and all media that include the Plaintiff's

Property; (2) recall all the marketing, promotional and advertising materials and

edit any websites that bear or incorporate any of Plaintiff's Property; and (3) issue

a press release and run prominent corrective advertising alerting the public and

consumers to the fact that Plaintiff has not, and has never been, associated with

Defendants.

C.      Directing such other relief as the Court may deem appropriate to

prevent the public from forming any erroneous impression that any product

promoted or provided by Defendants is authorized by Plaintiff.

D.      Directing Defendants to file with this Court and to serve upon

Plaintiff within thirty (30) days after service upon Defendants of an injunction in

this action, a written report by Defendants, under oath, setting forth in detail the

manner in which Defendants have complied with the injunction.

E.      Awarding Plaintiff as damages Defendants' profits from its products

and services sold and for unjust enrichment for use of the Plaintiff's Property.

F.     For all damages available under federal or state common law or statute, including but not limited to actual, exemplary, punitive, and statutory damages.

G.     Awarding Plaintiff her damages by reason of Defendants' actions damages in an amount to be proven at trial, caused by Defendants' unfair competition, and invasion of right of privacy and publicity, and other misconduct as specified herein.

H.     Awarding Plaintiff reasonable attorneys' fees and the costs of this action.

I.     Awarding Plaintiff such further relief as this Court deems just and proper.

**MERCHANT & GOULD**

By:  s/Christopher J. Sorenson

Dated:  December 9, 2009

Christopher J. Sorenson, MN #270118
William D. Schultz, MN #323482
Aaron M. Johnson, MN #034641X
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Attorneys for Plaintiff Jennifer Eisenbarth*